THE PEOPLE OF THE STATE OF NEW YORK ex rel. 277 PARK AVENUE CORPORATION, Respondent, against WILLIAM S. MILLER et al., as Commissioners of Taxes and Assessments of the City of New York, et al., Appellants. (Three Proceedings; Taxes for 1935, 1937, 1938 and First Half of 1939.)

Argued January 6, 1941; decided March 6, 1941.

·William C. Chanler, Corporation Counsel (*Arthur A. Segall, Arthur H. Goldberg* and *Murray Sendler* of counsel), for appellants.

*Philip Sheridan McNally* and *David E. Firestone* for respondent.

Order affirmed, with costs, on the ground that it does not appear upon this record that the court at Special Term adopted a wrong theory of valuation.

Concur: LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS and DESMOND, JJ.; FINCH, J., dissents in the following opinion in which CONWAY, J., concurs:

FINCH, J. (dissenting). This is a certiorari proceeding to review the assessment by the city of New York upon certain real estate known as No. 277 Park avenue. The property in question consists of a square block possessing valuable surface and subsurface uses. The surface of the land is improved with a twelve-story apartment house, while below the surface there are railroad tracks and other improvements appurtenant to the Grand Central Terminal. The unofficial referee before whom the hearings were held recommended substantial reductions in the assessments for the years under review and his report was accepted by Special Term with certain modifications which will be noted. In view of the affirmance by the Appellate Division, questions of fact as to the amount of the assessment as reduced, admittedly may not be urged in this court, but whether the referee employed proper principles of valuation is a question of law which we must consider. It is submitted that the referee adopted an erroneous theory of valuation and that in regard to the valuation of the subsurface use of the land the error of the referee was confirmed by Special Term.

Although the review on certiorari is limited to a review of the total assessment, the assessors are required to state separately the value of the land as if it were wholly unimproved (Tax Law, § 21, subd. 3; Cons. Laws, ch. 60; Greater New York Charter, § 889; L. 1901, ch. 466, as amd.). There need be no speculation in the case at bar as to how the referee arrived at his final, total figures, for his report reveals in detail each step in the process. In conformity with the statute, the referee stated the value of the improvements and of the land separately. So far as the valuation of the improvement is concerned, no question is now raised, but the city does complain of the land figures in so far as they fail to reflect the value of the subsurface use. That the subsurface use does impart to the land an additional value does not seem to be disputed. The issue is rather whether the referee arrived at his figures as a result of the application of permissible standards of valuation. The referee plainly stated that, for the reasons given by him in his report, he employed the capitalization of income rule to the exclusion of all other methods. In so doing he subtracted apartment house operating expenses from the total income produced by the building and then, by a residual valuation method, he determined how much of the net income was attributable to the land and how much to the building. After making allowance for the payment of taxes out of net income, he capitalized the resulting figures upon the basis of what he determined to be a fair rate of return. Thus at this stage it is clear that no allowance was made for the income either actual or estimated, which may be attributed to the capital value of either the subsurface land use or the subsurface improvements. The referee was aware of the problem, for he devoted an entire section of his report to a discussion of this particular issue. His solution was to avoid any attempt to value the subsurface by crediting as the amount which should be allowed for the payment of taxes out of the net operating income only that portion of the total taxes on the entire parcel which he deemed attributable to the surface uses and to the surface improvements of the parcel.

624

There can be no doubt that such a technique results in a complete failure to value the subsurface use contrary to the rule heretofore unquestioned that the total assessment upon a parcel of real property must account for not only some portions, but all elements which together comprise the total value of the parcel.

Did the modifications made by Special Term correct the error of the referee? Again there is no need to speculate, for the opinion of Special Term specifies in what particulars the referee's figures were revised. First, the referee was criticized for relying exclusively upon the capitalization of income rule. Second, the land figures were enhanced but only because the referee failed to give due credit to the factors of plottage and of the frontage on the side streets. And third, in stating building values, Special Term made an allowance for the subsurface *improvements*. The failure to include the value of subsurface use in the value of the land as if vacant and unimproved was not corrected by Special Term and the error of the referee was thereby perpetuated. Since the Appellate Division made no changes whatever, the case as it appears on appeal to this court has not been purged of the serious error committed by the referee.

It is submitted, therefore, that the order of the Appellate Division should be reversed and the matter remitted for a new hearing.